# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATHANIEL MICHAEL WORTHY,<br><br>Defendant. | Criminal Action No. TDC-18-0062 |

## MEMORANDUM ORDER

Defendant Nathaniel Michael Worthy has been charged with one count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substance Analogues and Controlled Substances, in violation of 21 U.S.C. § 846; two counts of Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c); and one count of Possession of Controlled Substance Analogues with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1). On June 11, 2018, Worthy's co-defendant, Carjandario Danielle Yarborough, filed a series of pre-trial motions, *see* ECF Nos. 34–39, all of which were adopted by Worthy, *see* ECF No. 49. On November 13, 2018, Worthy filed another pre-trial motion. ECF No. 64. On February 13, 2019, the Court conducted a hearing and resolved the majority of the pre-trial motions. *See* ECF Nos. 73, 76. Pending before the Court is the Motion to Suppress Tangible and Derivative Evidence (Cell Phones and Electronic Devices), ECF No. 36. The Court has received Worthy's post-hearing, supplemental filing on the Motion. ECF No. 78; *see* ECF No. 76. For the reasons set forth below, the Motion will be denied.

The relevant factual background was detailed on the record during the February 13, 2019 hearing. In the Motion, Worthy challenges the search of nine cell phones seized during the search of an apartment on Good Hope Road S.E., in Washington, D.C. (the "Apartment"), in which he

and Yarborough resided. Those searches were conducted pursuant to a search warrant issued by United States Magistrate Judge Timothy J. Sullivan of this District.

To assess whether probable cause exists to issue a search warrant requested by law enforcement, a magistrate or other judicial officer must "make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A reviewing court owes the magistrate's probable cause determination "great deference." *Id.* at 236. The reviewing court is to uphold the issuance of the search warrant if there was a "substantial basis" for concluding that probable cause existed. *Id.* For the issuing magistrate to have had a substantial basis for finding probable cause, "[s]ufficient information must be presented" to allow the judge "to determine probable cause," and the magistrate's action cannot be a "mere ratification of the bare conclusions of others." *Id.* at 239.

The affidavit supporting the search warrant for the cell phones includes the same facts provided in the search warrant affidavit for the search of the Apartment, discussed at the hearing, that supported probable cause to search the Apartment for evidence of drug dealing. In addition, the affidavit includes the new facts that the cell phones were found during that search, along with a substance consistent with plants used for synthetic cannabinoids, firearms, ammunition, cash, and suspected narcotics packaging; that Yarborough and Worthy, and no others, were in the Apartment at the time of the search; and that Worthy later stated that only he and Yarborough resided in the Apartment. The affidavit also details a recorded phone call from Yarborough to a phone number registered to Yarborough, but previously identified as used by Worthy, in which Yarborough discussed a murder believed to be related to the drug-dealing enterprise. It also includes the affiant's knowledge, based on training and experience, that cell phones are tools of

2

the drug trade and are used to arrange meetings, take orders, and arrange deals, often using text messages, and that drug dealers often have multiple phones, acquire new phones, and change or discard phones and phone numbers to avoid detection.

The Court finds that the facts, taken together, provide a "substantial basis" for the magistrate judge to have found probable cause to search the seized cell phones. *Gates*, 462 U.S. at 236. Both the original facts from the first affidavit and the evidence found at the Apartment provide probable cause to believe that there was drug dealing by Worthy and Yarborough out of the Apartment. There was some evidence in the warrant that Worthy and Yarborough used phones to communicate about criminal activity relating to drug dealing. Furthermore, courts can rely on an affiant's training and experience in making a probable-cause determination, and here, the special agent submitting the affidavit stated that based on his experience, there is a connection between drug dealing and cell phones. *See Ornelas v. United States*, 517 U.S. 690, 700 (1996). Specifically, courts have acknowledged that a cell phone is "a recognized tool of the trade in drug dealing," *United States v. Slater*, 971 F.2d 626, 637 (10th Cir. 1992), and that an affiant's knowledge, training, and experience of drug dealers' use of cell phones in the trade can support a finding of probable cause, *see United States v. Gibbs*, 547 F. App'x 174, 179 (4th Cir. 2013) (holding that a search warrant authorizing GPS monitoring of a cell phone was supported by probable cause where the affidavit recounted the user's "extensive drug dealing activities"); *United States v. Harris*, No. 15-0170, 2016 WL 1441382, at *11–12 (E.D. Va. Apr. 11, 2016) (stating that courts have found probable cause "to search a cell phone" where it was "discovered in proximity to crime or contraband" because it will "almost invariably contain incriminating evidence"); *cf. United States v. Mathis*, 767 F.3d 1264, 1276 (11th Cir. 2014) (relying in part on an affiant's experience that "individuals who sexually abuse children" sometimes store copies of their

3

communications with their victims on their cell phones for years in validating a search warrant for the contents of the cell phone), *abrogated on other grounds by Lockhart v. United States*, 136 S. Ct. 958 (2016).

In *United States v. Fisher*, No. 14-0413, 2015 WL 1862329, at *2 (D. Md. Apr. 22, 2015), the court held that the affiant's attestation based on his training and experience that drug dealers use cell phones to conduct their drug dealing business, combined with the evidence of heroin dealing in the affidavit, provided probable cause for the issuance of a warrant for the search of a cell phone and created a sufficient nexus between the defendant's alleged criminal conduct and the cell phone data seized. *Id.* at *2. Similarly, here, the nine cell phones were discovered in the search of the Apartment along with suspected synthetic cannabinoids, firearms, ammunition, drug-packaging materials, and U.S. currency, and the affidavit to search the cell phones highlighted how drug dealers generally use cell phones to facilitate their crimes. Notably, although the affidavit did not provide evidence that the specific phones belonged to Yarborough or Worthy or were used to facilitate drug dealing, the fact that they were the only residents and occupants of the Apartment, and were both specifically tied to drug dealing, provided a sufficient basis to infer that the cell phones could contain evidence of criminal activity.

Worthy's reliance on *United States v. Griffith*, 867 F.3d 1265 (D.C. Cir. 2017), is misplaced. In *Griffith*, the court invalidated a search of a residence as part of a homicide investigation in part because the warrant's authorization to seize all cell phones found was not supported by probable cause, since the affidavit "conveyed no reason to think that [the defendant] owned a cell phone" and there was no evidence that a cell phone was used in relation to the homicide. *Id.* at 1271–72. In contrast, when the cell phone search warrant was issued in this case, law enforcement already knew that the cell phones had been found in the Apartment where Worthy

4

and Yarborough were the only occupants, along with plants linked with synthetic cannabinoids, suspected narcotics packaging, firearms, and ammunition, and there was some evidence, in addition to the affiant's knowledge and experience, to support a conclusion that Worthy and Yarborough communicated about their drug-dealing enterprise over the phone. *Griffith* is therefore inapplicable.

Worthy argues that the search warrant affidavit was deficient because it appears to be the same affidavit as used to support the search of another location. Although the cell phone affidavit recounted the facts asserted in the affidavit for the search of the Apartment, search warrant affidavits may build upon prior affidavits and searches, and it is permissible for a magistrate judge to consider the cumulative effect of the combined evidence when deciding to issue a search warrant. *See United States v. Grossman*, 400 F.3d 212, 218 (4th Cir. 2005). Contrary to Worthy's claim that the warrant was overbroad, the warrant specifically identified the cell phones by model and serial number in Attachment A and described the type of evidence to be searched for in those devices in Attachment B. *See United States v. Hurwitz*, 459 F.3d 463, 470–73 (4th Cir. 2006). The types of evidence to be seized were tailored specifically to activities regarding the offenses for which Worthy was under investigation and so are not so overbroad as to allow a "general, exploratory rummaging" through the cell phones. *Cassady v. Goering*, 567 F.3d 628, 643 (10th Cir. 2009).

Finally, Worthy's staleness argument is unpersuasive. As discussed at the hearing, the information was sufficiently timely to support the search of the Apartment, because law enforcement conducted a controlled buy at the residence itself just three days before the warrant was obtained. *See United States v. McCall*, 740 F.2d 1331, 1337 (4th Cir. 1984) (upholding a search based on seven-month-old information that the defendant had a revolver). Although there

was a lapse of about two months between when the phones were seized and when the search warrant for the phones was obtained, they were in police custody during that time, so the evidence present at the time of the Apartment search would still be on the phones. The Court will therefore uphold the magistrate judge's probable cause finding.

Even if there were no probable cause, the search would still be upheld under the good faith exception of *United States v. Leon*, 468 U.S. 897, 923 (1984). *See United States v. Legg*, 18 F.3d 240, 243 (4th Cir. 1994). Under *Leon*, even if probable cause has not been established, a court can still uphold the search if the law enforcement officers executing the warrant could objectively rely in good faith on the magistrate's probable cause determination. *Leon*, 468 U.S. at 920. The good faith exception does not apply if the affiant knew there was a false statement in the affidavit, or would have known of such a false statement except for the affiant's reckless disregard of the truth; if the magistrate wholly abandoned a neutral judicial role; if the warrant was so facially deficient, such as if it failed to identify the items to be seized or place to be searched, that it could not reasonably be deemed valid; or if the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923. Here, the information in the affidavit was sufficient, at a minimum, for an officer to rely in good faith upon the magistrate judge's probable cause finding. None of the exceptions that would bar use of the good faith exception apply. There was no false statement in the affidavit, the magistrate did not wholly abandon the neutral judicial role, the warrant was not so facially deficient, such as failing to identify the items to be seized or place to be searched, that it could not reasonably be deemed valid, and the affidavit was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.*

Accordingly, it is hereby ORDERED that the Motion to Suppress Tangible and Derivative Evidence (Cell Phones and Electronic Devices), ECF No. 36, is DENIED.

Date: April 1, 2019

THEODORE D. CHUANG
United States District Judge