UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATHANIEL MICHAEL WORTHY, SR.,<br><br>Defendant. | Criminal Action No. TDC-18-0062 |

**MEMORANDUM ORDER**

Defendant Nathaniel Michael Worthy, Sr., a federal prisoner at the Federal Transfer Center Oklahoma City ("FTC-Oklahoma City") in Oklahoma City, Oklahoma, has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 141. In his Motion, Worthy seeks a sentence reduction or release based primarily on the claim that the applicable guideline range under the United States Sentencing Guidelines ("the Guidelines") would be different if he were sentenced today, he has engaged in significant post-offense rehabilitation, and the COVID-19 pandemic imposed more severe conditions of confinement on him.

On May 14, 2019, Worthy pleaded guilty to conspiracy to distribute and possess with intent to distribute controlled substance analogues and controlled substances, in violation of 21 U.S.C. § 846. On August 30, 2019, Worthy was sentenced to a term of imprisonment of 135 months, to be followed by three years of supervised release. In light of credit for pretrial detention and projected good time credits, Worthy is currently scheduled to be released on January 11, 2028.

Upon receiving the Motion, the Court forwarded it the Office of the Federal Defender for the District of Maryland ("OFD") and requested notification of whether the OFD would seek to

enter an appearance on behalf of Worthy and submit additional briefing. The OFD declined to do so.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. See id. § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Worthy made a request for compassionate release or a sentence reduction to the Warden of his prison, and more than 30 days have elapsed since that request. Accordingly, Worthy has exhausted administrative remedies.

### I. Extraordinary and Compelling Reasons

Worthy primarily argues that release or a sentence reduction is warranted because if he were sentenced today, the applicable Guidelines range would be lower than at the time of his original sentencing. At that time, the Court found that the total offense level was 30, the criminal history category was VI, and the Guidelines range was therefore 168-210 months of imprisonment. Although he argues that the "drug amount is now in question," and that the enhancement for possessing a dangerous weapon "would also be in question," he cites no change in the relevant law and instead seeks to dispute facts to which he admitted during the guilty plea colloquy. Mot. at 3-4, ECF No. 141. His claim that he would be entitled to an additional one-level reduction for acceptance of responsibility runs contrary to the position to which he agreed in the plea agreement.

Worthy's claim that his criminal history category ("CHC") would be lower today because certain older sentences would no longer count toward the CHC calculation, presumably because of the passage of time, is likewise unpersuasive, because that claim can be made in almost every case and does not establish extraordinary and compelling reasons for a sentence reduction. Notably, at the time of sentencing, the Court granted to Worthy a downward variance, from the Guidelines range of 168-210 months to a sentence of 135 months, in part because of the age of some of his convictions, so this issue was already factored into the original sentence. Indeed, the Court's sentence falls within the Guidelines range for a defendant with a total offense of level of 29 and a CHC of III, the category that Worthy claims would apply if he were sentenced today. Further, where the Court found that Worthy was a career offender at the time of his sentencing,

and Worthy has provided no argument demonstrating that such determination was incorrect, his CHC was properly calculated. The Court therefore does not find extraordinary and compelling reasons based on Worthy's claims that the Guidelines calculations that would apply if he were sentenced today are lower than at the time of sentencing.

Worthy offers other arguments relating to his § 924(c) conviction, including that he has engaged in significant post-offense rehabilitation and that his conditions of confinement during the COVID-19 pandemic were more severe than usual. Upon a review of the facts underlying these arguments, the Court finds that Worthy's post-offense rehabilitation, while admirable, does not establish extraordinary and compelling reasons warranting a sentence reduction. Likewise, the conditions of confinement as described by Worthy do not constitute extraordinary and compelling reasons.

Because Worthy has not established extraordinary and compelling reasons for compassionate release or a sentence reduction, the Motion will be denied.

## II.    18 U.S.C. § 3553(a)

Even if the Court were to find extraordinary and compelling reasons, before granting a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a). Here, the nature and circumstances of this offense included not only the distribution of controlled substances and controlled substance analogues, but also the killing of a co-conspirator by Worthy's co-defendant while Worthy was confronting him about a suspected theft from Worthy and his co-defendant. Thus, the nature and circumstances of the offense were significantly more serious than typical drug trafficking offenses. Even considering the history and characteristics of Worthy, including his post-offense rehabilitation, the Court finds that a sentence reduction is incompatible with the needs for the sentence to reflect the seriousness of the offense, promote respect for the

law, provide just punishment, and provide adequate deterrence to the kind of conduct that occurred in this case. So even if the requirement of extraordinary and compelling reasons were deemed to have been met, the Court would not grant the requested sentence reduction. The Motion will therefore be denied.

Finally, in a supplemental filing, ECF No. 148, Worthy seeks the Court's assistance in securing time credits under the FSA for completing evidence-based recidivism reduction programming or other productive activities. See 18 U.S.C. § 3632(d)(4). The Court informs Worthy that the calculation of such credits is made by the BOP, not the Court, and is governed by the provisions in 18 U.S.C. § 3632.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Worthy's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 141, is DENIED.

Date: November 16, 2023

THEODORE D. CHUANG
United States District Judge